CONSOLIDATED PATENTS CO. *et al. v.* BERRY.

SAME *v.* BARNEY.

*(Circuit Court, D. Massachusetts. February 5, 1890.)*

PATENTS FOR INVENTIONS—INFRINGEMENT—VENTILATOR WHEELS.
> Under letters patent No. 261,128, dated July 18, 1882, for improvements in ventilator wheels or fans, the first claim was for a hood-shaped piece at the end of each wing in the fan, for the purpose of holding the air from escaping. It appeared that the same device had long been used in the wings of propeller wheels for the purpose of holding the water. *Held,* that, as the device had been in prior use, the first claim of the patent cannot cover all applications of it, but must be limited strictly to the form of apparatus described in the patent.

In Equity. Bill for infringement of patent.
*William A. Redding,* for complainant.
*Geo. O. G. Coale,* for defendant Berry.
*Benj. F. Thurston* and *Henry Marsh, Jr.,* for defendant Barney.

COLT, J. These two suits are brought to restrain the defendants from infringing letters patent No. 261,128, dated July 18, 1882, issued to James M. Blackman, for improvements in ventilator wheels or fans, and for an account. As the main defense in both cases is the same, I shall consider them together. The improvement described in the Blackman patent is simple, and contains but one marked feature. The specification says:

"My invention relates to ventilator wheels or fans which are used for the purpose of forcing air out from buildings and other places. As the wings of such fans have heretofore been constructed, their outer ends have been left open, and they have been so formed that they do not operate to catch and draw air into the fan at the ends of the wings; but, on the other hand, a portion of the air gathered by the fan falls over the ends of the wings back into the room, instead of being thrown out therefrom, especially when the speed of the fan is great. The leading object of my invention is to obviate this difficulty, which I accomplish by giving to the ends of the wings a new and improved construction, covering the space which has heretofore been left between the diagonal end of the wing and the outside of the wheel, as hereinafter fully set forth. * * * The leading feature of my invention is found in so constructing the wings of the fan that the space which has been heretofore left open between the rim of the fan and the diagonal outer end of the wing will be covered by that part of the wing marked '*d.*' I find, by actual use, that fans constructed with wings thus made are much more efficient than when the ends of the wings are left open, as heretofore."

The first claim, which is the only one in controversy, is as follows:

"In a ventilator fan the scroll-shaped wing, D, arranged in the wheel in a diagonal position, and each provided at its outer end with the part, d, covering the space between the outer end of the part, e, of the wing, and the rim, b, substantially as and for the purposes specified."

These cases turn upon the question whether Blackman is entitled to claim broadly all wings in a ventilator fan which have their end-pieces, d, bent over in a hood shape, so as to scoop in the air in which the apparatus works. Now, the record abundantly discloses that this same hood-shaped wing or blade has been used in propellers. As exhibiting this feature, it is sufficient to refer to the Rose patent for improved water-wheels of September 24, 1850, and the Curtis patent of December 11, 1877, illustrated in the Scientific American of March 23, 1878. In view of the fact, therefore, that propeller wheels having scoop-formed blades, such as Blackman describes, were well known prior to the date of the Blackman invention, I cannot give that broad construction to the Blackman patent which otherwise it would seem to merit. It is urged by the complainants that the propeller works in water, and the ventilator in air, and that this makes a great difference. But the apparatus in both cases works upon a fluid, in one case air and in the other water. Admitting the difference between air and water which is so fully pointed out by the counsel for complainants, and upon which he largely relies to sustain the Blackman patent, I cannot, after most careful consideration, call it invention to take the old hood-shaped blade of a water-wheel and place it in a ventilator wheel. It is an instance of double use. If the first claim of the Blackman patent can be sustained, it must be strictly limited to the form of apparatus therein described, and it cannot embrace other and different forms. The defendant Berry in the first case constructs a ventilator under his patent of October 4, 1887, and the defendant Barney constructs his wheel under a patent granted to him January 25, 1887. It is manifest that these forms of apparatus differ from Blackman's, and, therefore, upon the construction which the prior art compels me to give of the first claim of the Blackman patent, assuming it to be valid, there can be no infringement. Bills dismissed.